FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 03, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAFAEL MARTINEZ, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART INC., a Delaware corporation,<br><br>    Defendant. | No. 1:24-CV-03036-SAB<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss the Third Claim of Plaintiff's Complaint, ECF No. 8. Plaintiff is represented by Erika Valencia. Defendant is represented by Clarence M. Belnavis and Stephen Scott. The motion was considered without oral argument.

Upon review, and being fully informed, Defendant's Motion to Dismiss Plaintiff's Third Claim for Relief is denied.

### Background

Plaintiff Raphael Martinez ("Martinez") is a resident of Yakima County, Washington. Defendant Walmart Stores, Inc. ("Walmart") is a Delaware corporation operating discount department and grocery stores across the United States, and for purposes of the above-mentioned matter, in Yakima County, Washington.

**ORDER DENYING MOTION TO DISMISS** #1

Martinez worked for Walmart as an "unloader" of merchandise from on or about December of 2004, until his shoulder was injured on the job in 2014. Martinez filed a worker's compensation claim and received medical treatment but suffered permanent physical restrictions from the injury.

Martinez informed Walmart of his permanent medical restrictions. Around June 2018, in writing, Walmart offered Martinez a job as a "Customer Host," which was approved by Martinez's medical providers. The position consisted of hosting and greeting customers at the door. The offer promised Martinez "would not be required to work beyond his physical requirements outlined by his attending physician." ECF No. 7 at 5.

Once he began the new position, Walmart insisted he perform other tasks, even after Martinez reminded Walmart of his restrictions and after he experienced pain from the new tasks. Those tasks included painting, installing sheetrock, assembling steel shelves, and other tasks.

Around March 22, 2021, Martinez was asked to assemble a steel shelf, which he had to do from a ladder, outside of his medical restrictions. A few days later, Walmart terminated Martinez, stating he was "working unsafe while assembling the steel shelf." ECF No. 7 at 8.

Martinez claims the work outside of his medical restrictions and the scope of the Customer Host position was a breach of contract.

## Legal Standard

*Fed. R. Civ. P. Rule 12(b)(6)*

An amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under this rule is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v.*

**ORDER DENYING MOTION TO DISMISS #2**

*Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levitt v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555. It is not enough that a claim for relief be merely "possible" or "conceivable;" instead, it must be "plausible on its face." *Id*. at 556.

*Breach of Implied Contract*

"A breach-of-contract claim requires the plaintiff to show that (1) a valid agreement existed between the parties; (2) the agreement was breached; and (3) the plaintiff was damaged." *Bell v. Boeing Co.*, 599 F. Supp, 3d 1052, 1081 (W.D. Wash. 2022). "Washington courts have been reluctant to extend contract principles" to at-will employment. *Bakotick v. Swanson*, 91 Wash. App. 311, 315 (Wash. Ct. App. 1998). A plaintiff can establish the creation of an implied contract by showing "his or her employer created an atmosphere of job security and fair treatment with promises of specific treatment in specific situations." *Cole v. Red*

**ORDER DENYING MOTION TO DISMISS #3**

*Lion*, 92 Wash. App. 743, 750 (Wash. Ct. App. 1998). This inquiry involves interpreting contractual provisions and is "normally a question of fact." *Id.*

### Discussion

This motion to dismiss is denied because Martinez has alleged facts sufficient to support a breach of contract claim. Walmart provided the job offer for the Customer Host position, which was signed by both Martinez and his employer on June 14, 2018. The letter states Martinez was "not required to work beyond those physical requirements outlined by [his] attending physician and that of the approved job analyses for Customer Host." ECF No. 1, Ex. 1. Martinez alleges Walmart stopped providing a position within those parameters when requiring him to assemble the steel shelf. Martinez further claims he suffered damages stemming from this work that was outside the scope of his Customer Host role. A position he allegedly held due to his disability. Therefore, Martinez has stated facts establishing a claim of breach of implied contract sufficient to survive a motion to dismiss.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 8, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 3rd day of July 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING MOTION TO DISMISS #4