FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 17, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAFAEL MARTINEZ, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART INC, a foreign profit corporation,<br><br>    Defendant. | No. 1:24-CV-03036-SAB<br><br>**ORDER GRANTING AND DENYING MOTIONS TO COMPEL; GRANTING MOTION FOR PROTECTIVE ORDER** |

    Before the Court are Defendant's Motions to Compel, ECF Nos. 62 and 64, and Defendant's Motion for Protective Order, ECF No. 67. Plaintiff is represented by Erika Valencia. Defendant is represented by Clarence M. Belnavis, Janelle W. Debes, and Stephen Scott. The Motions were considered without oral argument.

    Regarding the first Motion to Compel, ECF No. 62, Defendant requests the Court compel Plaintiff to produce documents responsive to Defendant's First Request for Production (RFP) (Nos. 1, 4, 6, 7, 9, 17, 18, and 19). In its second Motion to Compel, ECF No. 64, Defendant further requests the Court compel Plaintiff to produce documents that may have been withheld due to privilege or for any other purpose. In the alternative, Defendant requests the Court command Plaintiff to produce sufficient evidence that (1) Plaintiff drafted a response to

**ORDER GRANTING AND DENYING MOTIONS TO COMPEL; GRANTING MOTION FOR PROTECTIVE ORDER \* 1**

Defendant's RFP before April 28, 2025, (2) Plaintiff mailed a copy of the response to Defendant's RFP on or before April 28, 2025, and (3) Plaintiff mailed a copy of the response to Defendant's First Set of Interrogatories (ROG) on or before April 28, 2025. Lastly, Defendant requests the Court enter a Protective Order striking or removing the majority of categories from Plaintiff's Fed. R. Civ. P. 30(b)(6) Deposition Notice or require Plaintiff to describe with reasonable particularity the categories and reissue a narrowed amended notice.

## Motion to Compel Standard

Fed. R. Civ. P. 26 and 34 govern the production of documents. Under Rule 34, a party may serve on any other party a request to produce any relevant and nonprivileged materials in a party's possession, custody, or control that contain information within the scope of Rule 26(b). Fed. R. Civ. P. 26(b) and 34. Pursuant to Fed. R. Civ. P. 34(b)(2)(A), a party must respond in writing to a discovery request within 30 days after being served. If a party fails to provide responsive documents, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(3)(A), (a)(3)(B).

## Protective Order Standard

Under Fed. R. Civ. P. 26(c)(1), a party may move for a protective order to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… (A) forbidding the disclosure or discovery; (B) specifying terms… for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; [or] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." The Court may issue such an order upon a showing by the party seeking the protective order that specific harm or prejudice will result in the absence of such an order. *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011).

//

**ORDER GRANTING AND DENYING MOTIONS TO COMPEL; GRANTING MOTION FOR PROTECTIVE ORDER * 2**

### Analysis

Upon review of the specific discovery requests pertinent to Defendant's Motion to Compel, ECF No. 62, the Court finds the requests to be relevant and proportionate to the needs of the case, and Plaintiff has failed to respond to such requests. As such, the first Motion to Compel, ECF No. 62, is granted.

Regarding the second Motion to Compel, ECF No. 64, the Court denies the Motion as moot, due to the granting of the first Motion to Compel.

Regarding Defendant's Motion for Protective Order, ECF No. 67, the Court finds good cause to grant the motion as Plaintiff's Rule 30(b)(6) Notice of Corporate Representative is overbroad, unduly burdensome, and beyond the scope of Red. R. Civ. P. 26(b)(1).

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant's Motion to Compel, ECF No. 62, is **GRANTED**.

2.  Plaintiff shall serve documents responsive to Defendant's First Request for Production, Nos. 1, 4, 6, 7, 9, 17, 18, and 19, within twenty (20) days of the entry of this Order.

3.  Defendant's Motion to Compel, ECF No. 64, is **DENIED as moot.**

4.  Defendant's Motion for Protective Order, ECF No. 67, is **GRANTED**.

5.  Plaintiff shall file an amended Rule 30(b)(6) Notice of Corporate Representative within twenty (20) days of the entry of this Order, which limits and describes with reasonable particularity the categories within the Notice.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 17th day of February 2026.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING AND DENYING MOTIONS TO COMPEL; GRANTING MOTION FOR PROTECTIVE ORDER * 3**